FILED
JAN 17 2007
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR. NO. 2:07cr10-MHT |
| ) | [18 U.S.C. § 371; |
| v. ) | 18 U.S.C. § 641; |
| ) | 18 U.S.C. § 1344; |
| TANESHIA MICHELLE LAWSON ) | 18 U.S.C. § 3147; |
| ) | 18 U.S.C. § 2 ] |
| ) | |
| ) | **INDICTMENT** |

The Grand Jury charges:

## INTRODUCTION

1. At all times relevant to this Indictment, the defendant **TANESHIA MICHELLE LAWSON** has been a resident of the Middle District of Alabama. From at least October 1, 2003, until on or about October 26, 2006, the exact dates being unknown to the Grand Jury, Lawson has either received the proceeds of stolen checks or participated in schemes to cash stolen checks.

2. From on or about October 1, 2003 through on or about November 1, 2003, the exact dates being unknown to the Grand Jury, Lawson lived in an apartment within the Middle District of Alabama with two co-conspirators, Monica Woodall and Unique Muskelly. The apartment was adjacent to a second apartment, where the victim, K.B., received Social Security checks in the mail. The mailboxes for both apartments were also located adjacent to one another.

3. From on or about October 1, 2003 through on or about November 1, 2003, the exact dates being unknown to the Grand Jury, another co-conspirator, Rufus Biggs, was an employee of the Quik Pawn Shop in Montgomery, Alabama.

4. On or about July 11, 2006, an Indictment was returned against Lawson, along with Woodall, Muskelly, and Biggs, in the United States District Court for the Middle District of Alabama, in Case Number 2:06-cr-173-MHT for conspiracy to steal Government funds and for theft of Government funds  As part of that case, Lawson was released on a $25,000 unsecured appearance bond pursuant to the provisions of Title 18, United States Code, Chapter 207.

## COUNT 1 – CONSPIRACY

## THE CONSPIRACY AND ITS OBJECTS

5. From on or about October 1, 2003 through on or about November 1, 2003, the exact dates being unknown to the Grand Jury, in the Middle District of Alabama, and elsewhere, defendant,

**TANESHIA MICHELLE LAWSON,**

along with Muskelly, Woodall, Biggs, and other persons both known and unknown to the Grand Jury, did combine, conspire, confederate, and agree among themselves and each other, to embezzle, steal, purloin, and knowingly convert to their own use money and things of value of the United States in an amount in excess of $1,000, and to receive, conceal, and retain the same with the intent to convert it to their use and gain, knowing it to have been

embezzled, stolen, purloined and converted, contrary to Title 18, United States Code, Section 641.

## MANNER AND MEANS OF THE CONSPIRACY

6. It was part of the conspiracy that Muskelly, Woodall, Lawson, and Biggs agreed to cash U.S. Treasury checks for Social Security payments, which none of them were entitled to.

## OVERT ACTS

7. In order to effect the object of the conspiracy, Muskelly, Woodall, and Lawson did a number of overt acts, including:

   a. Stealing Social Security checks from K.B.'s mailbox in or about October, 2003;

   b. Traveling to the Quik Pawn Shop in Montgomery, Alabama in order to cash the Social Security checks on or about two occasions; October 3, 2003 and October 31, 2003;

   c. Cashing two Social Security checks on or about October 3, 2003, at the Quik Pawn Shop;

   d. Cashing two more Social Security checks on or about October 31, 2003, also at the Quik Pawn Shop; and

   e. Dividing the proceeds of the Social Security checks among themselves and with Defendant Biggs in or about October, 2003.

8. In order to effect the object of the conspiracy, Biggs did a number of overt acts, including:

   a. Cashing the Social Security checks at the Quik Pawn Shop on or about two occasions; October 3, 2003, and October 31, 2003; and

   b. Accepting a portion of the proceeds from the Social Security checks in or about October, 2003.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2 – THEFT OF GOVERNMENT PROPERTY

9. The allegations set forth in paragraphs 1 through 8 of this Indictment are hereby realleged as if set forth herein.

10. From on or about October 1, 2003 through on or about November 1, 2003, the exact dates being unknown to the Grand Jury, in the Middle District of Alabama, and elsewhere, defendant,

### TANESHIA MICHELLE LAWSON,

did, while aiding and abetting Muskelly, Woodall, and Biggs, and other persons both known and unknown to the Grand Jury, and while being aided and abetted by the same, embezzle, steal, purloin, and knowingly convert to their own use money and things of value of the United States that is, a series of four Social Security checks belonging to the United States, whose combined value was in excess of $1,000, and did receive, conceal, and retain the same with the intent to convert them to their use and gain, knowing them to have been embezzled, stolen, purloined and converted.

All in violation of Title 18 United States Code, Sections 641 and 2.

## COUNTS 3-12 – BANK FRAUD WHILE ON PRETRIAL RELEASE

11. The allegations set forth in paragraphs 1 through 10 of this Indictment are hereby realleged as if set forth herein.

12. At all times relevant to this Indictment, Regions Bank and Max Credit Union were financial institutions, as defined in Title 18, United States Code, Section 20.

13. Between approximately on or about October 14, 2006, and on or about October 31, 2006, the exact dates being unknown to the Grand Jury, in Montgomery and Lee Counties, in the Middle District of Alabama, and elsewhere, defendant,

**TANESHIA MICHELLE LAWSON,**

while released on an unsecured appearance bond pursuant to the provisions of Title 18, United States Code, Chapter 207, along with other persons both known and unknown to the Grand Jury, did knowingly and willfully execute and attempt to execute a scheme and artifice to obtain moneys, funds, and assets owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice is described below.

14. It was part of the scheme that checks were stolen from or fraudulently ordered on behalf of at least three victims: "JH," "LC," and "EC." Lawson, while aiding and abetting other persons both known and unknown to the Grand Jury, and while being aided and abetted by the same, then forged and negotiated the checks at area merchants in order to receive goods and services and attempted to do the same as follows:

| Count | Date | Amount of Check | Payor Bank Victim | Payee Merchant Victim | Check Victim | Check No. |
|---|---|---|---|---|---|---|
| 3 | 10-14-06 | $14.06 | Max Credit Union | Rite Aid | JH | 1127 |
| 4 | 10-16-06 | $162.60 | Max Credit Union | Lowe's | JH | 1135 |
| 5 | 10-16-06 | $43.01 | Max Credit Union | Country's BBQ | JH | 1133 |

| 6 | 10-19-06 | $230.34 | Max Credit Union | Bruno's | JH | 1146 |
|---|---|---|---|---|---|---|
| 7 | 10-21-06 | $132.18 | Max Credit Union | Hobby Lobby | JH | 1149 |
| 8 | 10-21-06 | $237.58 | Max Credit Union | Sneakers | JH | 1150 |
| 9 | 10-21-06 | $237.58 | Regions Bank | Sneakers | LC/EC | 1758 |
| 10 | 10-22-06 | $183.58 | Regions Bank | Sneakers | LC/EC | 1765 |
| 11 | 10-26-06 | $80.71 | Max Credit Union | RiteAid | JH | 1138 |
| 12 | 10-28-06 | $169.12 | Max Credit Union | Michael's | JH | 1145 |

All in violation of Title 18, United States Code, Sections 1344, 3147, and 2.

A TRUE BILL:

*[signature: Barbara J. Alexander]*
Foreperson

*[signature: Leura G. Canary]*
LEURA G. CANARY
United States Attorney

*[signature]*
CHRISTOPHER A. SNYDER
Assistant United States Attorney

-6-