**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CASE NO: 2:07-cr-10-MHT** |
| | ) | |
| **TANESHIA M. LAWSON** | ) | |

**AFFIDAVIT**

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF MONTGOMERY** | ) |

I, CHRISTINE A. FREEMAN, state the following:

1. I am employed as Executive Director of the Federal Defender Program for the Middle District of Alabama.

2. On or about January 17, 2007, an indictment was filed in this case which purports to have been issued by a Grand Jury sitting in the Middle District of Alabama.

3. The Middle District of Alabama's Plan for the Random Selection of Grand and Petit Jurors requires that potential jurors for both grand and petit juries in this District shall be selected at random from the voter registration lists of the Counties that comprise the District.

4. The percentage of African-American residents over the age of 18 who are registered to vote in this District is approximately 31%.

5. Past review of records of the jurors summoned for jury service in this District indicates there has been substantial disparity between the number of African-Americans over

the age of 18 who live within the judicial circuit served by this Court who are registered to vote, and the number of African-Americans included within the Grand and Petit jury venires in this Court, such that the percentage of African-American registered voters over the age of 18 who have been summoned for jury duty has been substantially less than 31%.[1]

  6.  Thus, it is likely that this same disparity existed on the Grand Jury venire which led to the instant Indictment and on the Grand Jury venire which led to the prior Indictment (Case No. 2:06-cr-173-MHT), and will also exist in any petit jury venire called for the trial of this case.

  7.  On information and belief, the records established in other challenges to the Grand and Petit jury venires in this district have shown a pattern and history of juror selection procedures which show substantial non-compliance with the Jury Selection and Service Act, 18 U.S.C. §1861 et seq., with the Local Rules of this Court -- including the Plan of the United States District Court for the Middle District of Alabama for the Random Selection of Grand and Petit Jurors, and which also result in a substantial disparity between the expected percentage of African-Americans based on population and voter registration and the actual percentage of African Americans called for and qualified for jury service.

  8.  African-Americans constitute a recognizable, distinct class, that has been substantially under-represented in the grand jury and petit jury venires in this district over a

---

[1] See, e.g., it appeared that only 19.7% of the jurors summoned for the petit jury venire for the original November 2006 trial date on the first Indictment against Ms. Lawson, in Case No. 2:06-cr-173-MHT, were African-Americans. In other petit jury venires in this District, African-Americans have constituted as low as 12% of the venire.

significant period of time.

9. The under-representation of African-Americans in the grand jury and petit jury venires in this district is due in part to the fact that selection procedures used in this district are susceptible to abuse and/or are not racially neutral.

10. The under-representation of African Americans on grand and petit jury venires violates Ms. Lawson's Fifth and Sixth Amendments rights, by violating Ms. Lawson's rights to due process and to equal protection, and also violates her right to be tried by an impartial jury representing a fair and reasonable cross- section of the community.

10. This substantial non-compliance with applicable statutes and rules also violates Ms. Lawson's rights under the Jury Selection and Service Act, 18 U.S.C. §1861 et seq. and under the Local Rules of this Court, including the afore-mentioned Plan.

Respectfully,

s/Christine A. Freeman
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**

The foregoing was sworn to and subscribed before me this __ day of February, 2007, by a person known to me to be Christine A. Freeman.

_____
NOTARY PUBLIC
My Commission expires:_

3