IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )   CR. NO.  2:07-cr-10-MHT<br>) |
| TANESHIA MICHELLE LAWSON | )<br>)<br>) |

### United States' Response to Lawson's Motion for Dismissal and Objection to Composition of the Jury

The United States opposes Defendant Taneshia Michelle Lawson's Motion for Dismissal based upon the Jury Selection & Service Act, (the Jury Act),[1] and upon the Fifth and Sixth Amendments. Based upon the grounds and facts as Lawson has presented them in her Motion and her attorney's Affidavit,[2] Lawson can state neither a valid claim for a statutory or constitution violation based the composition of juries in this District.

**I.   The Process for Composing Petite Juries in this District Was Recently Upheld.  Lawson Provides No Reason to Reverse this Decision.**

First, in relation to the petite juries in this District, not only has Lawson failed to specifically note what about the procedure for the selection of petite juries is either constitutionally or statutorily infirm,[3] but she ignores the fact that the District has just

---

[1] 28 U.S.C. §1867 et seq.

[2] The United States concedes none of the facts as they are presented in Lawson's Motion and Affidavit.  It is merely assuming they are true for the purpose of this Response.

[3] The only specific error that Lawson notes was that her November, 2006 Petite Jury and several other juries in the District have had less African-Americans on them than are represented in the population of the Middle District.  See Lawson Aff'd at 2, n.1.

rendered a lengthy opinion on whether the District's jury selection practices violated either the Jury Act or the Fifth or the Sixth Amendments.[4]  In *Carmichael*,[5] the Court ruled that the District's practices, while troublesome, did not amount to violation of the Jury Act or the Fifth or Sixth Amendments.  Lawson points out no new areas for concern in the selection of petite juries–other than areas that were already discussed in *Carmichael*.  Moreover, she provides no reason to conclude why *Carmichael*–case that was throughly litigated on the same issues that she raises–should be reversed.  Lawson's Motion to Dismiss should therefore be denied to extent it challenges the composition of the District's petite juries.

## II.     Lawson Has Failed to Establish a Prima Facie Case Related to the Composition of Grand Juries in the District.

Moreover, Lawson's challenge to the District's grand juries should be denied because Lawson has failed to establish a prima facie violation of either the Jury Act, or the Fifth or Sixth Amendments. "The burden of establishing a prima facie showing of discrimination or systematic exclusion in the selection of the jury array is on the defendant."[6]  As Lawson herself admits, her challenge is only based upon "information and belief."[7]  The standard for dismissal on Jury Act and Fifth and Sixth Amendment

---

[4] *See United States v. Carmichael*, __ F.Supp.2d __, 2006 WL 3754794 (M.D. Ala. Dec. 18, 2006) (Thompson, J.).

[5] *Id.*

[6] *United States v. Whiting*, 538 F.2d 220, 221 (8th Cir. 1976).

[7] *See* Lawson Aff'd at 2, ¶7.

claims, however, is much higher.[8] The Court should thus deny Lawson's Motion to Dismiss the Grand Jury Composition without prejudice and grant her leave to file only if she can support her allegations with evidence sufficient to satisfy her statutory and constitution burdens.[9] Such a solution seems particularly appropriate given that an identical challenge to the District's grand jury selection procedure has been extensively briefed and is pending in *United States v. Seigleman*.[10] Lawson's challenge to the composition of the District's grand juries should therefore be denied without prejudice.

## III. Conclusion

Lawson's challenges are general and vague. Moreover, they are either identical or substantially similar to challenges that have been addressed or will be addressed shortly in other cases in this District. Since Lawson's challenges present nothing specific or new, they should be denied.

---

[8] *See, e.g. Duren v. Missouri,* 439 U.S. 357 (1979) (establishing the standards for Sixth Amendment and Jury Act fair cross section claim); *Cunningham v. Zant*, 928 F.2d 1006, 1013 (11th Cir. 1991) (establishing the standards for a Fifth Amendment Claim); *United States v. Clay*, 159 F.Supp.2d 1357 (M.D. Ala. 2001) (Thompson, J.) (discussing requirements for a substantial violation of the Jury Act).

[9] *United States v. Gruberg*, 493 F.Supp. 234, 251 (S.D.N.Y. 1979) (denying without prejudice the defendant's motion to dismiss and for evidentiary hearing under the Jury Act with leave to renew such motion after his review of the relevant discovery on the jury selection process).

[10] Case No. 05-cr-119-MEF (M.D. Ala. 2005) (Fuller, J.).

Respectfully submitted this 21st day of February, 2007,

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/ Christopher Snyder
        CHRISTOPHER A. SNYDER
        Assistant United States Attorney
        One Court Square, Suite 201
        Montgomery, AL 36104
        Phone: (334) 223-7280
        Fax: (334) 223-7135
        E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Christine Freeman.

        /s/ Christopher Snyder
        CHRISTOPHER A. SNYDER
        Assistant United States Attorney