IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>TANESHIA MICHELLE LAWSON )<br>) | CR. NO. 2:07-cr-10-MHT |

**PLEA AGREEMENT**

DEFENSE COUNSEL:            CHRISTINE FREEMAN

ASSISTANT U.S. ATTORNEY:    CHRISTOPHER A. SNYDER

**COUNTS AND STATUTES CHARGED:**

Count 1:      18 U.S.C. § 371 (Conspiracy)

Count 2:      18 U.S.C. §§ 641 and 2 (Theft of Government Property)

Counts 3-12:  18 U.S.C. §§ 1344, 3147, and 2 (Bank Fraud while on Pretrial Release)

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1:      18 U.S.C. § 371 (Conspiracy)

Count 6:      18 U.S.C. §§ 1344, 3147, and 2 (Bank Fraud while on Pretrial Release)

**PENALTIES BY COUNT – MAXIMUM PENALTY:**

Count 1:   Sentence: a term of imprisonment of not more than five years, and a fine of not more than $250,000, or both; a term of supervised release of not more than three years; an assessment fee of $100; and an order of restitution.

Count 6:   Sentence: a term of imprisonment of not more than thirty years, but when committed on pretrial release then not more than forty years, and a fine of not more than $1,000,000, or both; a term of supervised release of not more than five years; an assessment fee of $100; and an order of restitution.

## **ELEMENTS OF THE OFFENSE**

Count 1:

1. That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan.

2. That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it.

3. That one of the conspirators during the existence of the conspiracy knowingly committed at least one overt act; and

4. That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

Count 6:

1. That the Defendant executed or attempted to execute a scheme to obtain money, assets, or property from a financial institution by means of false or fraudulent pretenses, representations, or promises relating to a material fact, as charged;

2. That the Defendant did so willfully with an intent to defraud;

3. That the false or fraudulent pretenses, representations, or promises were material;

4. That the financial institution was federally insured or chartered; and

5. That the Defendant was on release for another federal offense when she committed bank fraud.

*****************************************************************

Christopher A. Snyder, Assistant United States Attorney, and Christine Freeman, attorney for the defendant, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and

11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

## GOVERNMENT'S PROVISIONS

1. For purposes of the calculation of defendant's offense level under the 2006 United States Sentencing Guidelines, the government with the defendant agrees that:

   a. All checks cashed will be considered relevant conduct with the exception of the Cooper checks cashed at the Sneakers store in Auburn, Alabama as contained in Counts 8, 9, and 10 of the Indictment. See U.S.S.G. §1B1.3.

   b. The base offense level is seven. See U.S.S.G. § 2B1.1(a)(1)(B).

   c. The loss is $5,000 or less. See U.S.S.G. § 2B1.1(b)(1)(A).

   d. Because the number of victims in this case is 10 or more, a two level increase is applicable. See U.S.S.G. § 2B1.1(b)(2)(A)(i).

   e. Because the commission of Count 6 was done while the defendant was on pretrial release, a three level increase applies. See U.S.S.G. § 3C1.3.

   f. A 2-level decrease for acceptance of responsibility is applicable, see U.S.S.G. § 3E1.1(a), so long as, between the date of this agreement and the date of sentencing, defendant does not obstruct justice, commit any new federal or state offenses, or otherwise fail to accept responsibility for the offense conduct.

   g. The defendant will not argue for a downward departure, and the government will not argue for an upward departure unless (1) the adjusted offense level as calculated by the Probation officer (prior to a § 5K1.1 Motion) is higher than a level 10 or (2) the adjusted offense level as calculated by the Probation officer (prior to a § 5K1.1 Motion) is higher than a level 9 and the criminal history category is II or higher. Such argument must first be presented in a motion for downward departure. In such a situation, the motion must delineate the specific grounds of the requested departure and must be filed no later than three weeks prior to the date of sentencing.

    h.    Neither the defendant, nor the government will request a variance of the sentence imposed pursuant to the factors enumerated in 18 U.S.C. § 3553, as would otherwise been permitted under *United States v. Booker* unless (1) the adjusted offense level as calculated by the Probation officer (prior to a § 5K1.1 Motion) is higher than a level 10 or (2) the adjusted offense level as calculated by the Probation officer (prior to a § 5K1.1 Motion) is higher than a level 9 and the criminal history category is II or higher. Such argument must first be presented in a motion for variance. In such a situation, the motion must delineate the specific grounds of the requested variance and must be filed no later than three weeks prior to the date of sentencing.

2.    The government agrees, with the defendant, that the defendant will pay restitution, the amount of which will be calculated by the Probation Officer.

3.    If the defendant completes the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. §3553(e) to reflect the defendant's substantial assistance. If that were to be the case, then the Government will recommend a departure of up to, but no more than three levels. Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) is at the sole discretion of the United States. The failure of the Court to grant the motion or to sentence defendant as recommended by the government shall not provide defendant with a basis to withdraw her plea.

4.    The government agrees to a sentence as follows:

    a.    if the Guideline Range is determined to be in Zone A, then a sentence of one day imprisonment or of three years probation, whichever is less;

    b.    if the Guideline Range is determined to be in Zone B, then a sentence of one day imprisonment and a period of home detention, the combination of which shall be equal to the bottom of the applicable Guidelines range as calculated by the Probation Officer; or

    c.    if the Guideline Range is determined to be in Zone C, then a split sentence in which the total term of custody is equal to the bottom of the applicable Guideline Range as calculated by the Probation Officer.

5. At sentencing, the Government will move to dismiss Counts 2, 3, 4, 5, 7, 8, 9, 10, 11, and 12 of the Indictment.

6. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### **DEFENDANT'S PROVISIONS**

1. The defendant agrees to plead guilty to Counts 1 and 6 of the Indictment.

2. Defendant agrees with the calculation of the offense level, the amount of restitution, and the sentence as set forth in paragraphs 1 through 5 of the government's provisions.

3. The defendant further agrees to the following:

    a.    To not commit state, federal, or local crimes.

    b.    To waive appeal and collateral attack as detailed below.

4. Defendant agrees to cooperate fully with the Government as detailed in the Cooperation Agreement below.

5. The defendant understands that the while the United States Sentencing Guidelines are advisory, the defendant agrees to be sentenced in accordance with the Guidelines.

6. The defendant agrees (1) that facts used to determine the defendant's Guideline offense level and sentence will be found by the Court by a preponderance of the evidence and (2) that the Court may consider any reliable evidence, including hearsay.

## FACTUAL BASIS

The defendant admits the allegations charged in Counts 1 and 6 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Counts 1 and 6 as follows:

1. At all times relevant to this Indictment, defendant Monica Pearl Woodall lived in an apartment within the Middle District of Alabama. Defendant Unique C. Muskelly and defendant Taneshia Michelle Lawson were Woodall's friends and frequent visitors to this apartment. Woodall's apartment was adjacent to a second apartment, where the victim, K.B., received Social Security checks in the mail. Defendant Rufus Nathanial Biggs, Jr. Was an Employee of the Quik Pawn Shop in Montgomery, Alabama.

2. Muskelly, Woodall, Lawson, and Biggs agreed to cash K.B.'s U.S. Treasury checks for Social Security payments, which none of the defendants were entitled to.

3. In order to effect the object of the conspiracy, Muskelly, Woodall, and Lawson did a number of overt acts, including:

   a.. Stealing Social Security checks from K.B.'s mailbox in or about October, 2003;

   b. Traveling to the Quik Pawn Shop in Montgomery, Alabama in order to cash the Social Security checks on or about two occasions; October 3, 2003 and October 31, 2003;

   c. Cashing two Social Security checks on or about October 3, 2003 at the Quik Pawn Shop;

   d. Cashing two more Social Security checks on or about October 31, 2003 also at the Quik Pawn Shop; and

   e. Dividing the proceeds of the Social Security checks among themselves and with Defendant Biggs in or about October, 2003.

4. In order to effect the object of the conspiracy, Biggs did a number of overt acts, including:

    a. Cashing the Social Security checks at the Quik Pawn Shop on or about two occasions; October 3, 2003 and October 31, 2003; and

    b. Accepting a portion of the proceeds from the Social Security checks in or about October, 2003.

5. Lawson appeared in front this Court on or about July 25, 2006 to answer for charges of conspiracy and theft of property. On the same day, Lawson was then released on an unsecured appearance bond pursuant to the provisions of Title 18, United States Code, Chapter 207.

6. On or about October 19, 2006, Lawson, with others, cashed a stolen check (number 1146) in the amount of $230.34 at a Bruno's supermarket in the Middle District of Alabama, which was written on an Montgomery, Alabama account from Max Credit Union. Lawson wrote the check herself and knew she was not entitled to write the check on this account. She also knew that she was not entitled to funds in this account. Max Credit Union is a credit union with accounts insured by National Credit Union Share Insurance Fund.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt. Defendant further expressly

waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack her conviction or sentence on any other ground.

Notwithstanding the above, the defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history category) or § 5K2.O (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure. Defendant knowingly and voluntarily waives any rights defendant has under federal law to a jury determination of any fact affecting Defendant's sentence.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver as to any issue the defendant may raise pursuant to 18 U.S.C. § 3742(a).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1. The defendant, before entering a plea of guilty to Counts 1 and 6 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

   a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b. Other than as provided for under Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, the Defendant acknowledges that a breach of this Plea Agreement by the Defendant will not entitle her to withdraw her guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

   c. The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $200.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

   d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

   e. The defendant understands that the defendant has the right to plead not

-9-

guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

   f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

   g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

   h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

   i. The defendant further advises the Court that it is understood that the

-10-

government can only make a recommendation which is not binding on the respective Court.

j.   The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.   The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

2.   The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the

defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

3.   The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

This 20TH day of April, 2007.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Christopher A. Snyder
Assistant United States Attorney
One Court Square
Suite 201
Montgomery, Alabama 36104

Louis V. Franklin
Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts

set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, <u>Christine Freeman</u>.

_____
Taneshia Michelle Lawson
Defendant

4/20/07
Date

_____
Christine Freeman
Attorney for the Defendant

4/20/07
Date